819 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
STAR AUTOMOBILE COMPANY, Plaintiff-Appellant,
v.
JAGUAR CARS, INC., Defendant-Appellee.
 No. 86-1684.
 United States Court of Appeals, Fourth Circuit.
 Argued March 2, 1987.
Decided May 18, 1987.
 
 Before WIDENER and WILKINS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 James B. Rivenbark (John W. Kirkman, Jr.; Rodney D. Tigges; Rivenbark & Kirkman, on brief), for appellant.
 Douglas Clayton Fairhurst (Carl J. Chiappa; David B. Wechsler; Townley & Updike; Jordon, Price, Wall, Gray & Jones, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Star Automobile Company appeals the dismissal of its action against Jaguar Cars, Inc. We affirm the dismissal.
 
 
 2
 In September, 1984 Jaguar notified Star that its dealership agreement, scheduled to expire on December 31, 1984, would not be renewed. Star promptly commenced an administrative action contesting the termination pursuant to the North Carolina Motor Vehicle Dealers and Manufacturers Licensing Law. N.C.Gen.Stat. Secs. 20-285, et seq. (1983). Thereafter, in May, 1985, Star instituted a civil action which Jaguar removed to district court. Star's civil complaint was virtually identical to the administrative petition filed before the North Carolina Highway Commissioner.
 
 
 3
 Jaguar moved to dismiss the civil action due to the pending administrative proceeding, citing Section 20-308.1(a), which provides in part:
 
 
 4
 (a) [A]ny person who is or may be injured by a violation of a provision of this Article, or any party to a franchise who is so injured in his business or property by a violation of a provision of this Article relating to that franchise, ... may, notwithstanding the initiation or pendency of an administrative proceeding before the Commissioner concerning the same parties or subject matter, bring an action for damages and equitable relief, including injunctive relief, in any court of competent jurisdiction with regard to any matter not within the jurisdiction of the Commissioner. (Emphasis added.)
 
 
 5
 Star stipulated to the dismissal of two claims acknowledging that they were matters within the jurisdiction of the Commissioner. With respect to the remaining civil claims, Star argued that although they were included in the administrative petition, the Commissioner did not have jurisdiction to address them or provide full relief. The district court rejected this argument and dismissed the civil action in its entirety, finding all claims were matters within the jurisdiction of the Commissioner.
 
 
 6
 We affirm the district court's ruling that the matters raised in the administrative petition were within the jurisdiction of the Commissioner. Star does not dispute that the Commissioner has addressed similar contentions in other proceedings between dealers and manufacturers. Moreover, the ruling of the district court is in accord with the language and intent of the North Carolina statutory scheme.
 
 
 7
 Star alternatively contends that equitable considerations dictate allowing the actions to proceed simultaneously in both forums. Star asserts that it might be prejudiced if the applicable statute of limitations expires prior to the conclusion of the administrative proceedings. It is not necessary to engage in a discussion of North Carolina tolling principles because Jaguar, during oral argument, conceded that if the administrative proceedings extend beyond the applicable limitations period, the statute of limitations would be tolled as to claims timely raised in the administrative action.
 
 
 8
 AFFIRMED.